## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **BRENDA HALL,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Civil Action No. |
| | § | |
| **PERFORMANT RECOVERY, INC.;** | § | |
| **and DOES 1 through 10, inclusive,** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

BRENDA HALL ("Plaintiff"), through her attorney, PETER COZMYK, alleges the following against PERFORMANT RECOVERY, INC., ("Defendant"):

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Brenda Hall, an individual consumer, against Defendant, Performant Recovery, Inc., for violations of law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## JURISDICTION AND VENUE

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.  Defendant conducts business in the State of Texas, and therefore, personal jurisdiction is established.

4.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.

## PARTIES

5.  Plaintiff, Brenda Hall, is a natural person with a permanent residence in Houston, Harris County, Texas 77007.

6.  Upon information and belief, the Defendant, Performant Recovery, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 N. Canyons Pkwy, Suite 100, Livermore, CA 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

7.  Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

2

## FACTUAL ALLEGATIONS

8. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff at work, both by reaching her on her cellular phone, and by calling her work phone.  Plaintiff explained to Defendant that Plaintiff cannot receive personal calls or correspondence at her place of employment, and requested that Defendant verify the debt.

10. Subsequent to this communication, Defendant, mailed a collection letter to Plaintiff's place of employment.  The collection letter was opened by Plaintiff's employer, and was circulated as part of employer's regular process, before reaching Plaintiff.  This caused major embarrassment to Plaintiff.

11. Upon receipt of the collection letter, Plaintiff called Defendant and verified that Defendant had in its possession Plaintiff's home address.

12. Plaintiff mailed Defendant a letter requesting that Defendant verify the debt pursuant to 15 U.S.C. § 1692g.

3

13. After Defendant received Plaintiff's letter, Defendant continued to send Plaintiff collection letters without having verified the debt.

14. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

15. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.  Plaintiff suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, and upset, amongst other negative emotions.

## FIRST CLAIM FOR RELIEF
### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

16. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated *§1692c(b)* of the FDCPA by sending Plaintiff a collection letter to her place of employment without her prior consent or express permission of a court; and

> (b) Defendant violated *§1692g(b)*of the FDCPA by failing to cease collection activities and communications mailed to Plaintiff, without first obtaining and providing to Plaintiff verification of the debt.

4

18. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Brenda Hall, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff Brenda Hall respectfully requests that judgment be entered against each Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA.

    B. Actual damages.

    C. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

    D. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

    E. For such other and further relief as the Court may deem just and proper.

DATED: November 15, 2012

RESPECTFULLY SUBMITTED,

By: /s/ Peter Cozmyk
Peter Cozmyk, Esq. (OBN: 0078862)
Cozmyk Law Offices, LLC
6100 Oak Tree Blvd.
Suite 200, Room #209
Independence, OH 44131
pcozmyk@hotmail.com
P: 440-292-7672

*Attorney for Plaintiff*
*Brenda Hall*

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff Brenda Hall demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.